**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TODD ANDREW DEVLIN, II,**

               **Plaintiff,**

    v.                                             CASE NO. 21-3083-SAC

**CHRIS WELLS, et al.,**

               **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

**I.  Nature of the Matter before the Court**

Plaintiff Todd Andrew Devlin, II filed this pro se civil action pursuant to 42 U.S.C. § 1983. Although Plaintiff is now an inmate at El Dorado Correctional Facility, this action arises from events that occurred while he was housed in the Osage County Jail (OCJ). Plaintiff names as defendants Osage County Sheriff Chris Wells, Osage County Undersheriff Scott Brenner, OCJ Administrator Gerry Nitcher, and OCJ Correctional Officers Josh Shepard, Nolan (last name unknown), and Renee (last name unknown). (Doc. 1, p. 1-3.)

As the factual background for this complaint, Plaintiff alleges that on February 10, 2021, while he was at the OCJ, Defendant Nolan pointed a body camera at him while he was speaking with his attorney on the telephone. *Id.* at 6. When Plaintiff asked Defendant Nolan why he had done that, Defendant Nolan said it was

jail procedure. *Id.* On February 22, 2021, while participating in court appearance via Zoom, Plaintiff and his attorney used a Zoom breakout room to speak privately. *Id.* at 7. Plaintiff noticed two cameras in the room at the OCJ recording audio and video of their conversation. *Id.* When Plaintiff filed a grievance about being recorded, Defendant Nitcher told Plaintiff his attorney had asked to be recorded; Plaintiff's attorney denied making the request. *Id.* Plaintiff also received conflicting information from individuals not parties to this action about whether the cameras recorded. *Id.*

In Count I of his complaint, Plaintiff claims that Defendants violated his rights under the First Amendment to the United States Constitution. *Id.* at 4. In Count II, Plaintiff claims that Defendants violated his rights under the Sixth Amendment. *Id.* In Count III, Plaintiff claims that Defendants violated his rights under the Fourteenth Amendment. *Id.* at 5. As supporting facts for each count, Plaintiff merely refers the Court to his factual statement that contains the events detailed above. *Id.* at 4-5. In his request for relief, Plaintiff seeks declaratory relief, nominal and punitive damages, costs, and injunctive relief in the form of an order directing Defendants to stop recording conversations with attorneys. *Id.* at 8.

**II.   Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**III. Discussion**

**A. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When deciding if a complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Under the new standard, the Court must determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 1974).

Although the Court accepts well-pled factual allegations as true, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Smith*, 561 F.3d at 1098; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Count I – First Amendment Claim**

Plaintiff does not elaborate on how Defendants violated his rights under the First Amendment. He does not claim that Defendants prevented him from communicating with his attorney, either by phone or during the Zoom meeting. Rather, the core of Plaintiff's complaint is a perceived or alleged breach of attorney-client privilege. But attorney-client privilege is not protected by the First Amendment unless Plaintiff shows a violation of his right to access the court. *See Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) (holding attorney-client privilege standing alone is a rule of evidence, not a constitutional right); *Evans v. Moseley*, 455 F.2d 1084, 1086-87 (10th Cir. 1972) (holding a prisoner's right to correspond with his attorney extends only to issues involving access to courts). Thus, even taking all the allegations in the complaint as true, Plaintiff has failed to state a plausible claim under the First Amendment upon which relief can be granted.

**Count II – Sixth Amendment Claim**

"The Sixth Amendment guarantees criminal defendants a right to counsel. *See* United States Const. amend VI ('In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.')." *Meadows v. Lind*, 996 F.3d 1067, 1074 (10th Cir. 2021). That right "includes the ability to speak candidly and confidentially with counsel free from unreasonable government interference." *United States v. Carter*,

429 F. Supp. 3d 788, 881 (D. Kan. 2019), *vacated in part on other grounds by United States v. Carter*, 2020 WL 430739 (D. Kan. Jan. 28, 2020). But to establish a violation of the Sixth Amendment right to effective assistance of counsel, a plaintiff must show prejudice to one's legal interest. *Id.* at 881-82. Before such prejudice may be presumed, there must be a showing that

> (1) there is a protected attorney-client communication; (2) the government purposefully intruded into the attorney-client relationship; (3) the government becomes "privy to" the attorney-client communication because of its intrusion; and (4) the intrusion was not justified by any legitimate law enforcement interest.

*Id.* at 890.

Plaintiff has not alleged facts plausibly showing that the government became privy to his attorney-client communication because of the intrusion. Nor has he alleged that he suffered prejudice from the alleged intrusion. Thus, even taking all the well-pled facts in the complaint as true, Plaintiff has not stated a plausible claim under the Sixth Amendment upon which relief can be granted. *See Perry v. Wells*, 2021 WL 1089421, at *3 (D. Kan. March 22, 2021) (citing *United States v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007)(holding a Sixth Amendment violation requires proof of prejudice from intrusion upon attorney work product); *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991) (holding

a litigant must show prejudice to establish a Sixth Amendment violation); *McCoy v. Kansas Dept. of Corrections*, 2017 WL 3453399 at *4-5 (D. Kan. Aug. 11, 2017)(finding no Sixth Amendment violation alleged where there is no claim of prejudice from recorded calls to attorney); *Carrier v. Lundstedt*, 2015 WL 1041835 *3-4 (D. Colo. March 4, 2015)(dismissing Sixth Amendment claim for failure to allege facts showing prejudice)).

### Count III – Fourteenth Amendment

As with his first two counts, Plaintiff does not elaborate on his claim that his Fourteenth Amendment rights were violated. The Court assumes Plaintiff is alleging a violation of his right to due process and a fair trial, but, as noted above, Plaintiff does not allege any prejudice to his legal interests. Misconduct by government officials may constitute a substantive due process violation if it is outrageous enough to shock the conscience. *United States v. Kennedy*, 225 F.3d 1187, 1194 (10th Cir. 2000). But Plaintiff has not alleged that the prosecution in his criminal case was privy to the attorney-client conversations he believes were recorded, so the Court concludes Plaintiff has not plausibly alleged a substantive due process violation. *See id.* at 1195 (requiring proof of actual and substantial prejudice to raise a colorable claim of outrageousness based on intrusion into attorney-client relationship).

7

**B. Personal Participation**

This action is also subject to dismissal in part because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violation. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of each defendant's that violated Plaintiff's federal constitutional rights.

8

In this case, Plaintiff alleges that during a phone call between Plaintiff and his attorney, Defendant Nolan "took off his body cam[,] sat it on [the] desk[,] and pointed it at [Plaintiff]." (Doc. 1, p. 6.) When Plaintiff asked why he had done that, Defendant Nolan said it was "jail procedure." *Id.* Plaintiff filed a grievance about the incident to Defendant Nitcher. *Id.* On another day, Plaintiff noticed cameras in a room where he was having a private conversation via Zoom with his attorney; Plaintiff alleges he was recorded. *Id.* at 7. He filed another grievance to Defendant Nitcher, who responded that Plaintiff's attorney had asked for the recording; Plaintiff's attorney denied making the request. *Id.* Plaintiff filed a third grievance about being recorded. *Id.*

The alleged facts do not mention Defendants Wells, Brenner, or Renee. To the extent that Plaintiff names Defendants Wells and Brenner as defendants because of their supervisory roles as Sheriff and Undersheriff, supervisory authority by itself is not a basis for liability. To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Rather, because "vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that [Defendants Wells

9

and Brenner], through [their] own actions, ha[ve] violated the Constitution." *See Iqbal*, 556 U.S. at 676.

Defendant Nitcher is mentioned only in relation to grievances Plaintiff filed to him and his response to one of the grievances. But an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

Plaintiff alleges specific acts taken by Defendant Shepard, but those facts do not show that Defendant Shepard participated in the alleged constitutional violations. Plaintiff alleges only that Defendant Shepard escorted him to the room where he used a laptop to participate in court proceedings and speak privately with his attorney. (Doc. 1, p. 6-7.) He does not allege that Defendant Shepard personally recorded anything, that he accessed any recording of Plaintiff's communications with his attorney, or that he facilitated such access.

For these reasons, Plaintiff has failed to plead facts that support personal participation by Defendants Wells, Brenner, Shepard, and Renee in the alleged constitutional violations.

10

**C. Relief Sought**

### Injunctive Relief

In his request for relief, Plaintiff seeks "[i]njunctive relief ordering the Defendants to stop recording attorney visits." (Doc. 1, p. 8.) To justify a preliminary injunction, Plaintiff must establish that: (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damaged the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. *Id.*

Plaintiff does not allege facts showing that he will suffer irreparable injury without a court-ordered injunction. Plaintiff is no longer incarcerated at the OCJ, so any injunction would not affect him personally. Moreover, for the reasons stated above, there is not a substantial likelihood that Plaintiff's claims will succeed on the merits. Therefore, the Court denies injunctive relief at this stage of the proceedings.

### Declaratory Relief

Plaintiff also seeks declaratory relief. (Doc. 1, p. 8.) To maintain a declaratory judgment action, a plaintiff must establish

11

a good chance of being injured in the future. *See Barney v. Puslipher*, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998). For the reasons stated above, Plaintiff has not established any likelihood of future injury. Accordingly, the Court denies declaratory relief.

**Punitive Damages**

Plaintiff seeks punitive damages. (Doc. 1, p. 8.) Punitive damages are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff has not alleged facts that could support the conclusion that any Defendant's conduct was motivated by evil intent or that any Defendant was recklessly or callously indifferent to the federally protected rights of others. Thus, Plaintiff may not recover punitive damages.

**IV. Conclusion**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. In reaching this decision, the Court in on way wishes to encourage the violation of the attorney-client privilege. Plaintiff is granted to and including September 6, 2021 to show cause why this case should not be dismissed because

of the deficiencies discussed above or to file a complete and proper amended complaint which corrects those deficiencies.[1] If Plaintiff does not file a response or a complete and proper amended complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 6, 2021** to file an amended complaint or a written response explaining why this matter should not be dismissed without prejudice for the reasons stated above. The failure to file a timely response or amended complaint may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 6th day of August, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
SAM A. CROW
U.S. Senior District Judge

---

[1] An amended complaint completely replaces the original complaint. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. The Court will not consider any claims or allegations not in the amended complaint. Plaintiff must write the number of this case (21-3083) at the top of the first page of the amended complaint. *See* Fed. R. Civ. P. Rule 10. He should refer to each defendant in the caption of the complaint and again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.