IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD ANDREW DEVLIN, II,

    **Plaintiff,**

    v.                                         CASE NO. 21-3083-SAC

CHRIS WELLS, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Osage County Jail in Lyndon, Kansas ("OCJ"). Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

On August 6, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until September 6, 2021, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint by the same deadline.

On August 17, 2021, Plaintiff submitted a Motion for Appointment of Counsel (Doc. 6) stating that his attempts to obtain counsel were unsuccessful and that he was in the RDU with limited law library access. The motion was signed on July 21, 2021, and indicated that Plaintiff was incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. *Id*. at 4. On August 23, 2021, Plaintiff attempted to submit an amended complaint and response, which were returned to him with a notification that he is incarcerated in a facility with mandatory electronic

1

filing and that he should follow instructions available at the facility for transmitting the pleadings electronically to the Court. On October 4, 2021, Plaintiff informed the Court of his change of address to LCF and asked for a status report regarding his case. Plaintiff was provided with an updated docket sheet on that same date. Plaintiff has failed to submit any further pleadings after that date.

The Court found in the MOSC that Plaintiff failed to state a plausible claim under the First Amendment; Plaintiff failed to state a plausible claim under the Sixth Amendment; Plaintiff failed to allege a sufficient due process violation; Plaintiff failed to allege facts showing personal participation by each defendant; Plaintiff's request for injunctive relief is moot as he is no longer housed at the OCJ; Plaintiff failed to establish a likelihood of future injury and is not entitled to declaratory relief; and Plaintiff failed to allege sufficient facts to support an award of punitive damages.

The Court's MOSC provided that "[i]f Plaintiff does not file a response or a complete and proper amended complaint within the time given that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint." (Doc. 5, at 13.) The MOSC also provided that the "failure to file a timely response or amended complaint may result in the dismissal of this matter without prior notice to Plaintiff." *Id*. Plaintiff has failed to file a proper response or amended complaint by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied.**

**IT IS SO ORDERED**.

**Dated December 30, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
